UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALVATORE J. GIARRIZZO,

          **Plaintiff,**

   vs.

ERIC H. HOLDER, United States Attorney General,

          **Defendant.**
_____

07-CV-0801
(MAD/GHL)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Salvatore J. Giarrizzo<br>102 Frasier Avenue<br>Johnstown, New York 12095<br>*Plaintiff Pro Se* | |
| LORETTA E. LYNCH<br>United States Attorney for<br>the Eastern District of New York<br>271 Cadman Plaza East, 7th Floor<br>Brooklyn, New York 11201<br>*Attorney for Defendant* | James R. Cho, Esq.<br>Assistant U.S. Attorney |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff brings this action, *pro se*, pursuant to 42 U.S.C. § 2000e et seq. ("Title VII") based on the gender discrimination he claims to have suffered during his employment with the Federal Bureau of Investigation ("FBI"). On January 4, 2008, plaintiff filed a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings claiming that defendant's answer failed to comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 14). Defendant opposed plaintiff's motion. (Dkt. No. 20). On June

30, 2008, defendant filed a motion pursuant to Rule 12(c) for judgment on the pleadings based upon the following grounds: (1) plaintiff failed to exhaust his administrative remedies with regard to his Title VII claims for gender discrimination; (2) plaintiff failed to allege facts that constitute an adverse employment action to support claims of gender discrimination; and (3) plaintiff failed to establish a *prima facie* claim of retaliation. (Dkt. No. 49). Plaintiff opposed defendant's motion. (Dkt. No. 51). On August 27, 2008, plaintiff filed a motion pursuant to Rule 15 to supplement the complaint. (Dkt. No. 57). Defendant opposed the motion. (Dkt. No. 59). On March 31, 2011, Chief United States District Judge Norman A. Mordue issued a Memorandum-Decision and Order resolving the motions and holding:

> ORDERED, that plaintiff's motion for judgment on the pleadings (Dkt. No. 14), which the Court has deemed a motion to strike, is DENIED; and it is further
>
> ORDERED, that defendant's motion for judgment on the pleadings (Dkt. No. 49) and dismissal of plaintiff's claim that defendant retaliated against him by failing to conduct a SAC interview in compliance with § 11-4.1 of the Manual of Administrative Operations in connection with plaintiff's request for a hardship transfer is GRANTED; and it is further
>
> ORDERED, that defendant's motion for judgment on the pleadings (Dkt. No. 49) and dismissal of plaintiff's complaint is otherwise DENIED; and it is further
>
> ORDERED, that plaintiff's motion to supplement the complaint (Dkt. No. 57) is GRANTED; and it is further
>
> ORDERED, that plaintiff must file his supplemented complaint within 20 days of the issuance of this Order; and it is further
>
> ORDERED, that within 30 days of receipt of plaintiff's supplemented complaint, defendant shall file an Answer and shall properly respond to the allegations in plaintiff's original and supplemented complaint as directed in this Order. The response shall consist of an admission or denial consistent with Fed.R.Civ.P. 8; and it is further

> ORDERED that the Clerk of the Court is directed to unseal this case on April 29, 2011 in accordance with this Order. The Sealing Order dated January 13, 2009 (Dkt. No. 69) is hereby vacated. The parties are directed to provide any submissions regarding the confidentiality of any documents, as directed in this Order, on or before April 26, 2011; and it is further

(Dkt. No. 134).

Presently before the Court are two motions: (1) defendant's motion for reconsideration of portions of the prior Memorandum-Decision and Order ("MDO") (Dkt. No. 144); and (2) defendant's motion for dismissal of plaintiff's third cause of action set forth the in the Supplemental Complaint (Dkt. No. 153). Plaintiff has opposed both motions.

Familiarity with the facts of this case is assumed based on this Court's previous MDO and will not be repeated herein. *Giarrizzo v. Mukasey*, 07-CV-0801, Dkt. No. 134 (Mar. 31, 2011).[1]

## DISCUSSION

**I. DEFENDANT'S MOTION TO RECONSIDER**

Defendant argues that reconsideration of portions of the prior MDO is necessary pursuant to N.D.N.Y.L.R. 7.1(g).[2] The standards for motions to vacate under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (discussing cases). Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). For that reason, the motion will generally be denied unless the moving party or parties can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the

---

[1] On May 27, 2011, the case title was modified and Eric H. Holder was substituted in place of the former Attorney General pursuant to Fed. R. Civ. P. 25(d).

[2] The motion for reconsideration is not made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because Rule 60(b) only applies to final judgments and orders. *Makas v. New York State Dep't of Motor Vehicles*, 1998 WL 219588, at *1 (N.D.N.Y. 1998).

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y.1995).   Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court.  *Id.* at 257.  The Second Circuit has warned, that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate.  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

Defendant argues that the Court should reconsider the portion of the prior MDO that denied defendant's motion to dismiss plaintiff's complaint and the portion of the decision that granted plaintiff's motion to supplement his complaint.

**A.    Argument for Reconsideration of Dismissal of Complaint**

Defendant argues for reconsideration of the decision not to dismiss plaintiff's complaint for the following reasons: (1) the Court mistakenly relied upon the *Conley v. Gibson* standard for assessing the sufficiency of plaintiff's complaint; (2) plaintiff did not plead an adverse action; and (3) new caselaw supports the dismissal of the complaint for failure to timely exhaust administrative remedies.[3]

**1.    *Twombly* Standard**

With respect to the sufficiency of the complaint, defendant alleges that the Court erred when it failed to apply the correct standard in assessing the complaint.  To wit, defendant claims

---

[3] In the motion, defendant also seeks "clarification" of the Court's decision to unseal the case. On July 27, 2011, this Court issued an Order to Unseal. (Dkt. No. 157).  Accordingly, this portion of defendant's motion is moot.

4

that the Court failed to use the two step analysis found in *Twombly* and *Iqbal* and argues that plaintiff's complaint does not "state a claim that is plausible on its face".

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). While *Twombly* replaced the "no set of facts" language with the requirement that a plaintiff "state a claim for relief that is plausible on its face", *Twombly* did not change the requirement that the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003). Moreover, *Twombly* did not "significantly alter the lenient, notice-focused standard used to assess the complaint of a *pro se* plaintiff." *Walker v. Daines*, 2009 WL 2182387 at *6 (E.D.N.Y. 2009) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). The Second Circuit discussed *Twombly* in the context of *pro se* complaints:

> A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." We review the sufficiency of [the plaintiff's] pleadings mindful of this duty to construe more liberally her *pro se* complaint.

*Boykin*, 521 F.3d at 214 (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Even after *Twombly* and *Iqbal*, when reviewing a *pro se* complaint, the Court must use less stringent standards than if the complaint had been drafted by counsel and must construe a *pro se* complaint liberally. *Adams v. New York State Educ. Dep't*, 2010 WL 624020, at *20 (S.D.N.Y. 2010) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

In the prior MDO, the Court did not specifically cite to the *Twombly* and *Iqbal* holdings. However, measured by any standard, plaintiff's complaint satisfies Fed. R. Civ. P. 8(a)(2). *See*

5

*Conley*, 355 U.S. at 47; *see alsoTwombly*, 127 S.Ct. at 1964 (the Court recognized that Federal Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to provide "fair notice" to the defendant of the claim and "the grounds upon which it rests").  In the prior MDO, the Court set forth an exhaustive review of the allegations and defendant's contentions on the motion to dismiss and found, "[g]iven plaintiff's *pro se* status, it is premature to make a determination regarding this prima facie element of his discrimination claim. While the complaint is by no means a wealth of factual information, it gives defendant fair notice of the basis of plaintiff's claim."  Upon review of the MDO and defendant's motion herein, this Court finds no basis upon which to reconsider or disturb that holding.  While the Court did not specifically cite to *Twombly* or *Iqbal,* defendant has not proven that that was a clear error of law that would have altered the conclusion reached by the Court.

    **2.    Adverse Action**

In further support of the motion to reconsider this portion of the prior Order, defendant cites to the case of *Duncan v. Shalala*, 2000 WL 1772655 (E.D.N.Y. 2000) and "the host of decisions around the country which have held that the denial of hardship transfer requests were not adverse employment actions".  In the prior MDO, the Court discussed *Duncan* and noted:

> The Court is aware that a number of district courts in this circuit have held that a denial of a hardship transfer request was not an adverse employment action.  *See Duncan v. Shalala*, 2000 WL 1772655 (E.D.N.Y. 2000); *see also Nonnenmann*, 174 F.Supp.2d at 133; *see also Pimental*, 2002 WL 977535, at \*5.  However, those cases are distinguishable as each involved a motion by the defendant for summary judgment upon the completion of discovery and thus, a different standard of proof.

*See Giarrizzo v. Mukasey*, 07-CV-801, Dkt. No. 134, p. 25.

Defendant presents no new caselaw or any argument with respect to *Duncan* or other arguably relevant cases. Defendant merely attempts to relitigate and reargue issues previously considered and addressed by this Court.

### 3. Exhaustion of Remedies/Waiver of Defense

In further support of reconsideration, defendant argues that plaintiff should be precluded from seeking relief due to his failure to exhaust administrative remedies. Defendant contends, "the MDO concluded that the FBI waived the 45-day deadline for plaintiff to contact an EEO counselor" and that this conclusion was "erroneous". Defendant misinterprets the prior holding. In the prior MDO, the Court concluded that, "the date of the discriminatory act was October 8, 2003". However, with regard to the wavier of timeliness, the Court held:

> The record, with respect to this issue, is sparse. Other than the documentation referenced herein, there is no evidence regarding plaintiff's contact with the EEO counselor, the EEOC proceedings or defendant's participation in proceedings conducted by the EEOC. At this juncture, based upon *Bruce, Ester*, the absence of discovery and particularly in view of plaintiff's *pro se* status, the Court finds it would be premature to conclude plaintiff is not entitled to the benefit of the waiver defense. Based thereupon, the motion by defendant for judgment on the pleadings and dismissal of plaintiff's gender discrimination claims based upon plaintiff's failure to exhaust his administrative remedies is denied.

*Id.* at 22. Thus, in the prior MDO, the Court made no determination regarding the waiver defense but rather, indicated that additional discovery was necessary. Defendant has not established any clear error of law and has not provided any other rationale for reconsideration of this portion of the prior MDO.

Defendant also argues that the Court mistakenly relied upon the Second Circuit case of *Bruce v. U.S. Dep't of Justice,* 314 F.3d 71 (2d Cir. 2002). Defendant cites to a subsequent ruling by the Circuit in the case of *Lanham v. Mansfield,* 400 F. App'x 609 (2d Cir. 2010) and claims

7

that the holding supports the conclusion that plaintiff is barred from seeking relief due to his failure to exhaust administrative remedies.[4]  The Court has reviewed the *Lanham* decision and finds that it does not represent a change in controlling law.[5]  Rather, as conceded by defendant, the *Lanham* decision reaffirms the Second Circuit's decision in *Bruce*.  In *Lanham*, the Court affirmed the lower court award of summary judgment for defendants and held that, "[i]t is undisputed that no findings regarding timeliness were included in the Final Decision, thus the government did not waive it's timeliness argument".  *Lanham*, 400 F. App'x at 611.  Here, the issue of whether the government waived it's timeliness argument is clearly disputed.

Based upon the aforementioned, the Court holds that defendant failed to meet the burden of establishing that he is entitled to relief under Rule 7.1(g).  Thus, this Court declines to reconsider the prior ruling of the Court.  Accordingly, defendant's motion to reconsider the Court's decision to deny defendant's motion to dismiss is denied.

**B.     Argument for Reconsideration of Plaintiff's Motion to Supplemental Complaint**

Defendant argues that this Court should reconsider the prior ruling allowing plaintiff to supplement his complaint for the following reasons: (1) the order is inconsistent with prior rulings; (2) allowing defendant to sue defense counsel will violate caselaw; and (3) allowing plaintiff to sue defendant for statements made by defense counsel violates privilege.

In the prior MDO, the Court granted plaintiff's motion to supplement his complaint.  On April 18, 2011, plaintiff filed a supplemental complaint.  (Dkt. No. 139). On May 4, 2011, prior

---

[4] The prior MDO was issued in March 2011.  However, defendant filed the motion for judgment on the pleadings in June 2008.  The *Lanham* case was decided in 2010.  Therefore, defendant's basis for reconsideration of this issue is a "change in intervening law".

[5] Defendant argues that the dicta in *Ester*, which was cited by the Court in the prior MDO, "directly conflicts with the Second Circuit opinion in *Lanham*".  However, in *Lanham*, the Court did not cite or make any reference to *Ester*.

8

counsel for defendant, Charles Roberts, filed the within motion. On July 22, 2011, defendant filed an answer to the supplemental complaint through new counsel, James Cho. (Dkt. No. 156).

The Court has reviewed defendant's arguments and finds no basis upon which to reconsider the Court's decision to allow plaintiff to supplement his complaint. Accordingly, defendant's motion to reconsider this portion of the prior MDO is denied. However, the Court will address the substance of the supplemental complaint as defendant also filed a motion to dismiss.

## II.     DEFENDANT'S MOTION TO DISMISS

On July 22, 2011, defendant moved to dismiss plaintiff's third cause of action for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant argues that plaintiff failed to allege the essential elements of a retaliation claim and improperly based his supplemental complaint upon the conduct of defense counsel. Moreover, defendant argues plaintiff's attempt to assert a First Amendment cause of action against the Attorney General in his official capacity, is improper and that the claim must be dismissed for lack of subject matter jurisdiction. In the alternative, defendant argues for dismissal of the third cause of action because plaintiff failed to exhaust his administrative remedies.[6]

"Generally, Title VII, protects individuals from actions injurious to current employment or the ability to secure future employment." *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). "A plaintiff may be able to state a claim for retaliation, even though he is no

---

[6] In defendant's Reply Memorandum of Law, defendant also argues for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based upon plaintiff's failure to exhaust administrative remedies. Generally, the Court will not consider new arguments in reply papers, *see Fazzolari v. Walters*, 2010 WL 3749073, at *7, n. 8 (W.D.N.Y. 2010), however, plaintiff had an opportunity to respond to this argument in a sur-reply filed and received by this Court.

longer employed by the defendant company, if, for example, the company 'blacklists' the former employee, wrongfully refuses to write a recommendation to prospective employers, or sullies the plaintiff's reputation." *Id.* (internal citations and citations omitted). "Poor recommendations, refusals to furnish recommendations, or threats to future employers may be discriminatory practices if done in direct retaliation . . ." *Beckett v. Prudential Ins. Co. of Am.*, 893 F.Supp. 234, 240 (S.D.N.Y.1995).

> In the third cause of action, plaintiff alleges:
>
>> Defendant, who is also Plaintiff's former employer, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for Plaintiff's participation in protected activity, that activity being Plaintiff's discrimination complaint filed in U.S. District Court, as well as Plaintiff's ongoing *pro se* participation in the complaint process.
>>
>> Defendant's retaliation came in part in the form of dozens of false accusations against Plaintiff for Privacy Act rights violations and Protective Order violations. Defendant's false allegations were made in Defendant's submissions to the Court, in correspondence to a U.S. District Court Chief Judge, during a hearing before a U.S. Magistrate Judge, and in court documents available to the public.
>>
>> Defendant used the mere existence of a September 19, 2005 Protective Order as a pretext to harm a pro se plaintiff by prejudicing Plaintiff's Complaint in the eyes of the Court, thus tainting Plaintiff's right to "unfettered access to statutory remedial mechanisms" as reflected in the EEOC Compliance Manual.
>
> Pltf. Complt at ¶ 253 - 260.

Plaintiff resigned from his position with the FBI in 2004. Thus, it has been seven years since he was employed with the FBI. In the supplemental complaint, plaintiff failed to allege that he suffered any adverse employment action or any action that would impact any future employment opportunity. *See Burnett v. Trinity Inst. Homer Perkins Ctr., Inc.*, 2011 WL 281023, at *3 (N.D.N.Y. 2011) (the defendant, " was entitled to exercise its legal rights and engage in

10

legal advocacy, and as a result, such conduct may not serve as a basis for a retaliation claim"). Plaintiff has not alleged that defendant's actions had any impact on plaintiff's current employment situation, his efforts to find a new job, or that defendant, in anyway, hindered prospective employment. *See Patel v. Lutheran Med. Ctr., Inc.,* 753 F.Supp. 1070, 1074 -1075 (E.D.N.Y. 1990) (a claim of retaliation requires an impact on the plaintiff's ability to continue or procure employment). The supplemental complaint contains no allegation of any **specific action** taken by defendant against plaintiff for filing the within lawsuit.   The harm that plaintiff has allegedly suffered, "prejudice in the eyes of the Court" is wholly conclusory and insufficient to state a claim for retaliation.

Moreover, to the extent that plaintiff attempts to plead a First Amendment claim against defendant in his official capacity, that claim must also be dismissed.[7]  "Claims for damages brought against state employees in their official capacities are [] construed as claims against the state and fall to the [] Eleventh Amendment bar." *Schallop v. New York State Dep't of Law*, 20 F.Supp.2d 384, 390 -391 (N.D.N.Y. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).  Accordingly, defendant's motion to dismiss plaintiff's third cause of action pursuant to Fed. R. Civ. P. 12(b)(6) is granted.[8]

## CONCLUSION

It is hereby

**ORDERED** that defendant's motion to reconsider (Dkt. No. 144) is **DENIED**, it is further

---

[7] In plaintiff's opposition to defendant's motion, plaintiff neither confirms nor denies that he has attempted to assert a constitutional tort claim against defendant in his official capacity.

[8] Defendant also argues that the conduct of defense counsel cannot form the basis of a retaliation claim.   As the Court grants the motion to dismiss for failure to allege the elements necessary to support a retaliation claim, the Court will not address defendant's request for alternative relief.

**ORDERED** that defendant's motion to dismiss plaintiff's third cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 153) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 19, 2011

_____
Mae A. D'Agostino
U.S. District Judge