**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SALVATORE J. GIARRIZZO,**

                           **Plaintiff,**

         **vs.**                                              **07-CV-0801**
                                                              **(MAD/GHL)**

**ERIC H. HOLDER, United States Attorney General,**

                           **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

Salvatore J. Giarrizzo
102 Frasier Avenue
Johnstown, New York 12095
*Plaintiff Pro Se*

LORETTA E. LYNCH                          James R. Cho, Esq.
United States Attorney for               Assistant U.S. Attorney
the Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
*Attorney for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

        Plaintiff brings this action, *pro se*, pursuant to 42 U.S.C. § 2000e et seq. ("Title VII")

based on the gender discrimination he claims to have suffered during his employment with the

Federal Bureau of Investigation ("FBI").  On July 22, 2011, defendant filed a motion to dismiss

plaintiff's third cause of action for failure to state a claim. (Dkt. No. 153)  Defendant argued that

plaintiff failed to allege the essential elements of a retaliation claim and improperly based his

allegations upon the conduct of defense counsel. Plaintiff opposed the motion.  On October 19,

2011, this Court issued a Memorandum-Decision and Order ("MDO") resolving motions

including defendant's motion to dismiss.  The Court held, *inter alia*:

> ORDERED that defendant's motion to dismiss plaintiff's third cause
> of action for failure to state a claim pursuant to Fed. R. Civ. P.
> 12(b)(6) (Dkt. No. 153) is GRANTED.

(Dkt. No. 166).

Presently before the Court is plaintiff's motion to reconsider that portion of this Court's

prior MDO. (Dkt. No. 170).  Defendant has opposed the motion. Familiarity with the facts of this

case is assumed based on this Court's previous MDO and will not be repeated herein. *Giarrizzo*

*v. Holder*, 07-CV-0801, Dkt. No. 166 (Oct. 19, 2011).

## DISCUSSION

Plaintiff does not base his motion on any Federal Rule or Local Rule.  However,

construing plaintiff's motion liberally, in light of his *pro se* status, the Court assumes plaintiff

seeks relief under Rule 60[1] and Local Rule 7.1(g)[2].  Relief under Rule 60 is considered

"extraordinary judicial relief."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).  The standards

for motions under local district court rules are very similar to those used for motions to reconsider

---

[1]  Rule 60(b) of the Federal Rules of Civil Procedure directly addresses the standard to be applied when relief from a final judgment or order is sought, and provides in relevant part as follows:
On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

[2]  Local Rule 7.1(g) provides that "[m]otions for reconsideration or reargument, unless Fed.R.Civ.P. 60 otherwise governs, may be filed and served no later than fourteen calendar days after the entry of the challenged judgment, order, or decree." N.D.N.Y. R. 7.1(g).

under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (discussing cases). A motion to reconsider will generally be denied unless the moving party or parties can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Cioce v. County of Westchester,* 128 F. App'x 181, 185 (2d Cir. 2005). Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court. *Shrader,* 70 F.3d at 257. The Second Circuit has warned, that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

Plaintiff argues that the Court should reconsider the portion of the prior MDO that granted defendant's motion to dismiss plaintiff's third cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's third cause of action alleged:

> Defendant, who is also Plaintiff's former employer, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for Plaintiff's participation in protected activity, that activity being Plaintiff's discrimination complaint filed in U.S. District Court, as well as Plaintiff's ongoing *pro se* participation in the complaint process.
>
> Defendant's retaliation came in part in the form of dozens of false accusations against Plaintiff for Privacy Act rights violations and Protective Order violations. Defendant's false allegations were made in Defendant's submissions to the Court, in correspondence to a U.S. District Court Chief Judge, during a hearing before a U.S. Magistrate Judge, and in court documents available to the public.

> Defendant used the mere existence of a September 19, 2005 Protective
> Order as a pretext to harm a pro se plaintiff by prejudicing Plaintiff's
> Complaint in the eyes of the Court, thus tainting Plaintiff's right to
> "unfettered access to statutory remedial mechanisms" as reflected in
> the EEOC Compliance Manual.

Pltf. Complt at ¶ 253 - 260.

Defendant argues, and plaintiff concedes, that the motion to reconsider is untimely. However, the Court accepts plaintiff's reasons for the delay and will resolve the motion to reconsider on the merits.

Upon review of the voluminous record, the Court finds that plaintiff has failed to establish any basis for the extraordinary relief sought herein. Plaintiff has not established any change in the controlling law. Indeed, plaintiff cites to United States Supreme Court and Second Circuit Court of Appeals cases which pre-date this Court's prior MDO.[3] Moreover, the cases do not represent any change in controlling law. In the prior MDO, the Court concluded, "[a] plaintiff may be able to state a claim for retaliation, even though he is no longer employed by the defendant company". The cases cited by plaintiff do not present conflicting holdings.

Plaintiff also failed to cite to any new evidence. In the prior MDO, the Court concluded that plaintiff failed to plead that he suffered from any viable adverse action as a result of defendant's alleged retaliation. In the within motion, plaintiff sets forth the same conclusory allegation that he suffered from an adverse action, to wit, "the false accusations made by the U.S. Attorney's Office in Syracuse, New York" contending that, "excusing defendant's false accusations would act as a 'perverse incentive' for defendant and counsel to use lies, false accusations, and misrepresentations in order to win cases, knowing there will be no accountability

---

[3] The Court has reviewed the cited caselaw and finds the facts and holdings inapplicable to the matter at hand. *See Burgess v. Harris Beach PLLC*, 346 F. App'x 658 (2d Cir. 2009) (retaliation claims dismissed because there was no direct relationship between the plaintiff and any of the defendants and therefore, no adverse action that the defendants could have taken against the plaintiff).

and no consequences". This allegation does not contain any new evidence. "[P]laintiff's status as a pro se litigant entitles him to greater lenience regarding how his arguments are presented to the Court. But his unrepresented status does not relieve him from the requirements of stating a plausible claim." *Cox v. Nat'l R.R. Passenger Corp.*, 2009 WL 2634792, at *3 (S.D.N.Y. 2009).

Finally, plaintiff does not claim "clear error" and has not established any manifest injustice. Plaintiff has not asserted any new arguments and merely attempts to relitigate issues already decided by this Court. *See Shrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider may not be used by an "unhappy litigant" as "one additional chance to sway the judge." *Key Mechanical Inc. v. BDC 56 LLC.*, 2002 WL 467664, at *3 (S.D.N.Y. 2002). Thus, for the reasons set forth herein, plaintiff's motion to reconsider is DENIED.

## CONCLUSION

It is hereby

**ORDERED** that plaintiff's motion to reconsider (Dkt. No. 170) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 5, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

5