**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SALVATORE J. GIARRIZZO,**

                **Plaintiff,**

                                                  **07-CV-0801**
**vs.**                                                      **(MAD/GHL)**

**ERIC H. HOLDER, United States Attorney General,**

                **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

Salvatore J. Giarrizzo
102 Frasier Avenue
Johnstown, New York 12095
*Plaintiff Pro Se*

LORETTA E. LYNCH                     James R. Cho, Esq.
United States Attorney for              Assistant U.S. Attorney
the Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
*Attorney for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Plaintiff brings this action, *pro se*, pursuant to 42 U.S.C. § 2000e et seq. ("Title VII") based on the gender discrimination he claims to have suffered during his employment with the Federal Bureau of Investigation ("FBI"). Presently before the Court is plaintiff's motion to reconsider this Court's prior Memorandum-Decision and Order dated March 5, 2012 denying plaintiff's request for sanctions. (Dkt. No. 186). Defendant has opposed the motion. Familiarity

with the facts of this case is assumed based on this Court's previous Orders and will not be repeated herein.

## DISCUSSION

The within motion constitutes the third attempt by plaintiff to persuade this Court to reconsider it's prior ruling. Plaintiff's previous motions lacked any reference to any applicable Federal or Local Rule. (Dkt. Nos. 160 and 170). In the prior Memorandum-Decision and Orders, the Court discussed the stringent requirements on a motion for reconsideration and addressed the inadequacies of plaintiff's arguments in light of those standards. Despite the prior rulings and consistent with the prior motions, the within motion lacks any reference to any Federal Rules or Local Rules. The Court will, as it has done previously, construe plaintiff's motion liberally, in light of his *pro se* status, and assume that plaintiff seeks relief under Rule 60[1] and Local Rule 7.1(g)[2].

Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). The standards for motions under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin.*

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure directly addresses the standard to be applied when relief from a final judgment or order is sought, and provides in relevant part as follows:
On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

[2] Local Rule 7.1(g) provides that "[m]otions for reconsideration or reargument, unless Fed.R.Civ.P. 60 otherwise governs, may be filed and served no later than fourteen calendar days after the entry of the challenged judgment, order, or decree." N.D.N.Y. R. 7.1(g).

2

*Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (discussing cases). A motion to reconsider will generally be denied unless the moving party or parties can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Cioce v. County of Westchester,* 128 F. App'x 181, 185 (2d Cir. 2005). Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court. *Shrader,* 70 F.3d at 257. The Second Circuit has warned, that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

In the prior Memorandum-Decision and Order, the Court denied plaintiff's request for sanctions. The Court reasoned that plaintiff failed to prove that documents he claimed were "missing" were ever actually in existence. Moreover, plaintiff failed to establish that he suffered any prejudice or demonstrate that defendant's conduct was egregious.

Initially, the Court must address defendant's opposition to the motion and the exhibits attached thereto. In defendant's Memorandum of Law in Opposition, counsel addressed the previously submitted February 21, 2012 affidavit executed by Bill Lewis. At the Court's direction, defendant conducted a search for certain documentation in the Hardship Transfer Review Board's ("HTRB") files. Mr. Lewis averred that he was unable to locate the following documents: (1) Nathan Littauer Hospital emergency room medical records of [plaintiff's] wife; (2) plaintiff's military and cardiology medical records; and (3) general medical research relating

3

to miscarriage, stress, infertility, and heart disease.  In the memorandum, counsel explains, "[s]ince that time, defendant has located documents that appear to be [ ] the missing exhibits . . .".  On March 23, 2012, defense counsel produced the aforementioned exhibits at plaintiff's deposition.  Defendant claims that plaintiff was unwilling to confirm that these were copies of the documents attached to his appeal.

The Court is deeply troubled that Mr. Lewis inexplicably provided a sworn statement indicating that the aforementioned documents could not be found and then, less than one month later, the documents were surprisingly located and exchanged.  Counsel offered no explanation for how, why or when the documents were suddenly located.  More disconcerting is counsel's bold accusation that plaintiff is acting in bad faith by failing to withdraw his motion.  While the exchange of discovery under these circumstances serves as "some evidence" that defendant should be sanctioned for discovery violations, *Mikhlyn v. Bove*, 2011 WL 4529619, at *4 (E.D.N.Y. 2011), the Court will not reconsider it's prior ruling as plaintiff wholly failed to address this issue in his motion to reconsider and neglected to mention or acknowledge receipt of the aforementioned documentation/material.

Plaintiff's motion is based entirely upon his prior arguments.   To wit, that defendant should be sanctioned for withholding documents that must exist based upon the FBI Manual of Administrative Operations and Procedures ("MAOP").  Plaintiff has not asserted any new arguments and merely attempts to relitigate issues already decided by this Court.  *See Shrader v. CSX Transp., Inc*. 70 F.3d 255, 257 (2d Cir. 1995).  A motion to reconsider may not be used by an "unhappy litigant" as "one additional chance to sway the judge."  *Key Mechanical Inc. v. BDC 56 LLC*., 2002 WL 467664, at *3 (S.D.N.Y. 2002).  Upon review of the voluminous record, the Court finds that plaintiff has failed to establish any basis for the extraordinary relief sought

4

herein.  Plaintiff has not established any change in the controlling law and failed to cite to any new evidence.  Moreover, plaintiff does not claim "clear error" and has not established any manifest injustice.

The Court notes that plaintiff presented novel arguments regarding a Text Minute Entry prepared after a Status Conference before United States Magistrate Judge George L. Lowe on April 27, 2009.  The entry reads:

> Plaintiff is to complete his review of the documents he has received, but hold off on reporting any incomplete documents to Mr. Roberts as this will be addressed at a later date.

Plaintiff argues that this Court's challenge to the relevance of the documents that plaintiff asserts are "missing" is, "unfair in light of the fact that the Court instructed plaintiff to stop adding to the existing compilation of discovery omissions and errors almost three years ago".  The Court rejects these arguments as untimely, improper and meritless.  In the original motion for sanctions, plaintiff did not mention this Text Entry.  As such, any argument relating to the entry is not properly before the Court.  A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced". *SBO Pictures, Inc. v. Does 1-20*, 2012 WL 2304253, at *1 (S.D.N.Y. 2012).  Furthermore, the reference is to a "text entry" not a "text order".  However, to the extent that plaintiff viewed this entry as an "order" or "directive" from Judge Lowe, plaintiff has had nearly three years to raise any objection or appeal and failed to do so.  Plaintiff's attempt to obtain relief based upon a Text Entry that was entered by a different judge over 3 years ago is improper and untimely.

Finally, plaintiff argues that he has been "hindered" from reporting alleged discovery omissions.  The docket in this action contains nearly 200 entries.  The Court has entertained several conferences, letter requests and motions regarding discovery, from both parties.  Plaintiff

5

has had ample opportunity to raise discovery issues and disputes. Discovery is closed and dispositive motions have been filed.  The trial is scheduled for August 6, 2012 and will not be adjourned.  Thus, for the reasons set forth herein, plaintiff's motion to reconsider is DENIED.

## CONCLUSION

It is hereby

**ORDERED** that plaintiff's motion to reconsider (Dkt. No. 186) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 22, 2012
        Albany, New York

Mae A. D'Agostino
U.S. District Judge